**UNITED STATES of America**

v.

**Maurice EVANS, Appellant.**

No. 81–1281.

United States Court of Appeals, District of Columbia Circuit.

April 20, 1981.

Before MacKINNON, MIKVA and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioner Maurice Evans and a co-defendant, John B. Philson, were indicted for first-degree murder, first-degree felony murder, and attempted robbery in May, 1965. The co-defendants pleaded not guilty and were tried in July, 1966. Both were found guilty of one count of first-degree felony murder and attempted robbery. The jury acquitted both of the charge of first-degree murder. In August, 1966, Evans and Philson were sentenced to life imprisonment for the felony-murder convictions, and to one to three years for attempted robbery, to run concurrently with the life sentences. This court affirmed those convictions. *Evans v. United States*, 397 F.2d 675 (D.C.Cir.

1968), *cert. denied*, 394 U.S. 907, 89 S.Ct. 1016, 22 L.Ed.2d 218 (1969).

In 1970, Evans and Philson filed a motion to vacate, set aside, or correct the sentences imposed by the trial court pursuant to 28 U.S.C. § 2255 (Supp. II 1979). The stated ground for the motion was lack of probable cause to arrest petitioners. The motion was denied and this court dismissed the appeal *sua sponte* on referred motions for appointment of counsel. *United States v. Evans*, No. 24,341 (D.C.Cir. Sept. 17, 1970) (unpublished order).

Later in 1970, Evans filed another § 2255 motion, raising the identical ground previously dismissed. That motion was denied.

On July 10, 1972, Philson filed a petition for writ of habeas corpus and a § 2255 motion, claiming errors in jury selection, admission of testimony, and the trial court's denial of petitioner's pretrial motion for severance. On July 13, 1972, Evans filed a § 2255 motion stating the same ground for relief. Counsel was appointed and the court held a hearing on Philson's motion. On June 19, 1974, the court issued findings of fact and conclusions of law, holding that petitioner was not entitled to relief. *Philson v. United States*, Civ. No. 1356–72 (D.D.C. June 19, 1974) (unpublished order). Soon thereafter, another judge denied Evans's motion in light of the full consideration of the issues in connection with Philson's motion. *Evans v. United States*, Civ. No. 1400–72 (D.D.C. Sept. 3, 1974) (unpublished order). This court dismissed the appeal *sua sponte*. *United States v. Evans*, No. 75–1147 (D.C.Cir. May 12, 1975) (unpublished order).

On October 10, 1980, Evans filed another § 2255 motion, which is presently before this court on referred motion for appointment of counsel. In that motion, Evans claims that he is entitled to a new trial in light of this court's recent decision in *United States v. Frady*, 636 F.2d 506 (D.C.Cir. 1980). In *Frady*, this court reversed the appellant's conviction for first-degree murder, concluding that two jury instructions relating to malice, which were the standard instructions routinely given at the time of Frady's trial, were so deficient and prejudicial as to require a new trial. Evans asserts that because the same instructions with respect to malice were given at his trial, he is entitled to a new trial as well.

The District Court denied Evans's motion with the following explanation:

Defendant asserts that the case of *United States v. Frady* [] entitles him to relief. The Court disagrees. In *Frady*, the United States Court of Appeals reversed appellant's conviction for first degree murder, concluding that certain jury instructions regarding malice were improper. Defendant herein, although charged with first degree murder, was acquitted of that charge. Accordingly, he is not entitled to relief pursuant to *Frady*.

*United States v. Evans*, Crim. No. 816–65 (D.D.C., Feb. 4, 1981) (unpublished order).

We believe the District Court's application of *Frady* to this case is entirely correct. Defendant was acquitted of first-degree murder, so even assuming that the jury instructions regarding the implication of malice rendered that aspect of the trial constitutionally defective, Evans suffered no harm therefrom. The statute under which Evans was convicted excludes the element of malice when the killing occurs in connection with the perpetration or attempt of certain enumerated crimes:

Whoever, being of sound memory and discretion, ... without purpose to do so kills another in perpetrating or attempting to perpetrate any arson, ... rape, mayhem, robbery, or kidnapping ... is guilty of first degree murder.

D.C.Code § 22–2401 (1973). This court has consistently held that malice need not be proved under the commonlaw felony-murder rule, which Congress codified in the D.C. felony-murder statute. *See United States v. Branic*, 495 F.2d 1066, 1069 (D.C. Cir.1974) and cases cited therein.

Because petitioner has raised no issue of law upon which this court would grant the § 2255 motion, we find the appeal to be frivolous. Thus, we deny the referred mo-

tion for appointment of counsel and dismiss the appeal *sua sponte.* 28 U.S.C. § 1915(d) (Supp. II 1978).

*It is so ordered.*